WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Tilted Kilt Franchise Operating LLC, | No. CV-18-01980-PHX-DLR |
| Petitioner, | **ORDER** |
| v. | |
| Falinason Incorporated, et al., | |
| Respondents. | |

Petitioner Tilted Kilt Franchise Operating, LLC moves for default judgment against Respondents Falinason, Inc., Nirav Patel, and Lina Patel pursuant to Federal Rule of Civil Procedure 55(b). (Docs. 14, 23.) No response has been filed and the time for filing one has passed. For reasons stated below, Petitioner's motion is granted.

**I. Background**

On November 22, 2016, Petitioner filed for arbitration before the American Arbitration Association. Respondents appeared through counsel and participated in the arbitration. On August 30, 2017, however, the parties entered into a settlement agreement resolving all claims asserted in the arbitration. As part of the settlement agreement, Respondents agreed to pay to Petitioners: (1) a sum certain, and (2) in the event they breached the payment terms of the settlement agreement, liquated damages owed pursuant to the franchise agreement. It also was agreed that the arbitration would be held in abeyance until Respondents made all payments due under the settlement agreement.

Respondents failed to make the required payments, breaching the settlement agreement. As a result, Petitioner resumed the arbitration and amended its claim to add a count for breach of the settlement agreement. On December 19, 2017, Petitioner filed a motion for summary judgment. On February 1, 2018, the arbitrator held a telephonic hearing on the motion, at which all parties appeared and participated.

On February 14, 2018, the arbitrator issued an interim arbitration award in favor of Petitioner and against Respondents on the breach of the settlement agreement claim. On March 22, 2018, the arbitrator issued a final award, finding Respondents jointly and severally liable for $1,486,811.55 in damages and $22,941.39 in attorneys' fees and costs. To date, this award has not been vacated, modified, or corrected, and the time to do so has long since expired.

On June 25, 2018, Petitioner initiated this case to confirm the arbitration award under the Federal Arbitration Act. (Doc. 1.) Respondents were properly served[1] but failed to answer or otherwise defend within the time prescribed by the Federal Rules of Civil Procedure. Upon application by Petitioner, the Clerk entered default against Respondents. (Docs. 11-12, 21-22.) Petitioner now seeks entry of a default judgment. (Docs. 14, 22.)

**II. Default Judgment Standard**

After default is entered by the clerk, the district court may enter default judgment pursuant to Rule 55(b). The court's "decision whether to enter a default judgment is a discretionary one." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). Although the court should consider and weigh relevant factors as part of the decision-making process, it "is not required to make detailed findings of fact." *Fair Housing of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002).

The following factors may be considered in deciding whether default judgment is appropriate: (1) the possibility of prejudice to the plaintiff, (2) the merits of the claims, (3) the sufficiency of the complaint, (4) the amount of money at stake, (5) the possibility of

---

[1] Falinason, Inc. and Nirav Patel were served with the petition and summons on June 28, 2018. (Docs. 9-10.) Lina Patel was served on September 14, 2018, although those service efforts proved much more difficult (Docs. 18-19, 23 at 3-4.)

factual disputes, (6) whether default is due to excusable neglect, and (7) the policy favoring decisions on the merits. *See Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). In considering the merits and sufficiency of the complaint, the court accepts as true the complaint's well-pled factual allegations, but the plaintiff must establish all damages sought in the complaint. *See Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977).

**III. Discussion**

    **A. Possible Prejudice to Petitioner**

The first *Eitel* factor weighs in favor of default judgment. Respondents failed to respond to the petition or otherwise appear in this action despite being served with the complaint, the application for default, and the motion for default judgment. If default judgment is not granted, Petitioner "will likely be without other recourse for recovery." *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002). The prejudice to Petitioner in this regard supports the entry of default judgment.

    **B. Merits of the Claims and Sufficiency of the Complaint**

The second and third *Eitel* factors favor a default judgment where the complaint states a claim for relief under the notice pleading standards of Rule 8. *See id.* at 1175; *Danning v. Lavine*, 572 F.2d 1386, 1388-89 (9th Cir. 1978). Here, Petitioner seeks confirmation of an arbitration award. 9 U.S.C. § 9. A review of the well-pled allegations shows that Petitioner has stated a plausible claim to relief against Respondents. The second and third *Eitel* factors, therefore, favor a default judgment.

    **C. Amount of Money at Stake**

Under the fourth *Eitel* factor, the Court considers the amount of money at stake in relation to the seriousness of the Respondents' conduct. *See PepsiCo*, 238 F. Supp. 2d at 1176. Petitioner seeks confirmation of a valid arbitration award consisting of $1,486,811.55 in damages and $22,941.39 in attorneys' fees. Although the amount of the award is substantial, it is not unreasonable given that the settlement agreement Respondents entered into expressly provided for such damages in the event of a breach. *See Ariz.*

*Cardinals Football Club, Inc. v. Bryant*, No. 08-CV-1541-PHX-DGC, 2009 WL 952359, at *1-*2 (D. Ariz. Apr. 7, 2009). This factor weighs in favor of a default judgment.

### D. Possible Dispute Concerning Material Facts

Given the sufficiency of the petition and Respondents' default, "no genuine dispute of material facts would preclude granting [Petitioner's] motion." *PepsiCo*, 238 F. Supp. 2d at 1177.

### E. Whether Default Was Due to Excusable Neglect

Respondents were properly served with process in this matter.[2] (Docs. 9-10, 18-19.) It therefore "is unlikely that [Respondents'] failure to answer and the resulting default was a result of excusable neglect." *Gemmel v. Systemhouse, Inc.*, No. CIV 04-187-TUC-CKJ, 2008 WL 65604, at *5 (D. Ariz. Jan. 3, 2008). Thus, the sixth *Eitel* factor, like the other five discussed above, weighs in favor of default judgment.

### F. Policy Favoring a Decision on the Merits

The last factor always weighs against default judgment given that cases "should be decided on their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472. The mere existence of Rule 55(b), however, "indicates that this preference, standing alone, is not dispositive." *PepsiCo*, 238 F. Supp. 2d at 1177 (citation omitted). Indeed, Respondents' failure to answer the petition "makes a decision on the merits impractical, if not impossible." *Gemmel*, 2008 WL 65604, at *5. Stated differently, it is difficult to reach the merits when the opposing party is absent. Because Petitioner has asserted plausible claims for relief to which Respondents have failed to respond, the policy encouraging decisions on the merits does not weigh against the granting of default judgment in this case.

## IV. Conclusion

Having reviewed the record and considered the *Eitel* factors as a whole, the Court concludes that entry of a default judgment against Respondents is appropriate under Rule 55(b). Accordingly,

**IT IS ORDERED** that Petitioner's motions for default judgment (Docs. 14, 23) are

---

[2] Respondents also were served with the Request for Clerk's Entry of Default. (Doc. 14 at 7.)

- 4 -

1 **GRANTED**, and the arbitration award is confirmed.  Default judgment shall be entered in favor of Petitioner and against Respondents as follows:

1. Judgment is entered against Falinason, Inc., Nirav Patel, and Lina Patel, jointly and severally, in the amount of $1,486,811.55
2. For attorneys' fees and costs accruing in the arbitration in the total amount of $22,941.39 against Falinason, Inc., Nirav Patel, and Lina Patel, jointly and severally.
3. For interest that has accrued on the above amounts against Falinason, Inc., Nirav Patel, and Lina Patel, jointly and severally, in the amount of $42,314.44. Notwithstanding this award of interest, simple interest at a rate of one percent (1%) plus the prime rate shall accrue on the amounts in paragraphs 1 and 2 above from September 12, 2018 until paid.

**IT IS FURTHER ORDERED** that, pursuant to Federal Rule of Civil Procedure 55(b), the Clerk of Court shall enter judgment in accordance with this order and terminate this case.

Dated this 21st day of December, 2018.

Douglas L. Rayes
United States District Judge