**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Tilted Kilt Franchise Operating LLC, | No. CV-18-01980-PHX-DLR |
| Petitioner, | **ORDER** |
| v. | |
| Falinason Incorporated, et al., | |
| Respondents. | |

Before the Court are Petitioner's reinstated motions for default judgment against Nirav and Lina Patel ("the Patels"). (Docs. 14, 23.) On December 21, 2018, the Court granted default judgment against the Patels and their business, Falinason Inc. ("Falinason"). (Doc. 25.) However, after determining that Falinason had filed for bankruptcy, resulting in an automatic stay of this matter as to it, the Court vacated its prior order on January 4, 2019 and required Petitioner to submit a supplemental memorandum addressing whether the bankruptcy stay also stayed this matter as to the Patels—who had not filed for bankruptcy—as long as Falinason remained a party, since Petitioner seeks a joint and several judgment against all respondents. (Doc. 27.) Petitioner filed its supplemental memorandum on January 17, 2019. The motions are now ripe for ruling.

This action may procced and default judgment will be entered against the Patels—for the reasons explained in its December 21, 2018 order (Doc. 25)—despite the operation of a bankruptcy stay as to Falinason. An automatic bankruptcy stay only operates to protect

"the debtor, property of the debtor or property of the estates. It does not protect non-debtor parties or their property. [It] does not stay actions against guarantors, sureties, corporate affiliates, or other non-debtor parties liable on the debts of the debtor." *In re Chugach Forest Prod., Inc.*, 23 F.3d 241, 246 (9th Cir. 1994) (quotations and citations omitted). Furthermore, Falinason's bankruptcy stay cannot be imputed to the Patels, even though they are its only directors and owners, because it is within the sole province of the bankruptcy court to determine if an automatic stay should be extended, and the bankruptcy court has made no such determination. *Coach, Inc. v. Celco Customs Serv. Co.*, No. CV-11-10787MMM(FMOx), 2012 WL 12883843, at *4 (C.D. Cal. July 6, 2012); *see also In re American Hardwoods, Inc.*, 885 F.2d 621, 627 (9th Cir. 1989) (allowing case to proceed against individual defendants despite automatic bankruptcy stay as to corporate entity owned by individual defendants). Finally, because an arbitrator already determined the merits of this dispute and entered an award in favor of Petitioner against all respondents jointly and severally, Petitioner may pursue any individual respondent for the entire amount. *Honeycutt v. U.S.*, 137 S.Ct. 1626, 1631 (2017) (citation omitted) ("If two or more defendants jointly case harm, each defendant is held liable for the entire amount of the harm; provided, however, that the plaintiff recover only once for the full amount."). Consequently, Petitioner may properly seek the entry of default judgment against the Patels, and the Patels only, despite the stay applied to Falinason. Accordingly,

**IT IS ORDERED** that Petitioner's motions for default judgment against the Patels (Docs. 14,[1] 23) are **GRANTED**.

**IT IS FURTHER ORDERED** that default judgment shall be entered in favor of Petitioner and against Lina and Nirav Patel as follows:

1. Judgment is entered against and Lina and Nirav Patel, jointly and severally, in the amount of $1,486,811.55.
2. Attorneys' fees and costs accruing in the arbitration in the total amount of $22,941.39 against Lina and Nirav Patel, jointly and severally.

---

[1] Doc. 14, insofar as it seeks default judgment against Falinason, is denied.

3. Interest that has accrued on the above amounts against Lina and Nirav Patel, jointly and severally, in the amount of $42,314.44. Notwithstanding this award of interest, simple interest at a rate of one percent (1%) plus the prime rate shall accrue on the amounts in paragraphs 1 and 2 above from September 12, 2018 until paid.

**IT IS FURTHER ORDERED** that, pursuant to Federal Rule of Civil Procedure 55(b), the Clerk of Court shall enter judgment in accordance with this order and terminate this case.

Dated this 29th day of January, 2020.

Douglas L. Rayes
United States District Judge